UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JORGE TAMAYO-MORA,                                                                                                  Plaintiff,

v.                                                                          Civil Action No. 3:16-cv-P518-DJH

CHARLES WILKERSON *et al.*,                                                    Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Jorge Tamayo-Mora, a prisoner incarcerated at Kentucky State Reformatory, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names the following three Defendants in this action: (1) Charles Wilkerson, the assistant director of Kentucky Correctional Industries (KCI);[1] (2) Toney Bailey, manager at KCI; and (3) LaDonna Thompson, who Plaintiff identifies as the Commissioner of the Kentucky Department of Corrections.[2] Plaintiff sues Defendants Wilkerson and Bailey in both their individual and official capacities. He sues Defendant Thompson in her official capacity.

---

[1] "Kentucky Correctional Industries was established in 1954 and have since provided goods and services for the private industry as well as the citizens of Kentucky. Currently Correctional Industries is comprised of 15 separate types of industry, maintained in 8 correctional facilities across the state. Correctional Industries employs more than 700 inmates teaching job skills to reduce recidivism and to make these individuals more productive members of society." *See* http://kci.ky.gov/depts./Pages/index.aspx

[2] LaDonna Thompson is no longer the Commissioner of the Kentucky Department of Corrections. When she retired, Rodney Ballard was appointed the new Commissioner of the Kentucky Department of Corrections. *See* http://corrections.ky.gov/depts./Pages/Commissioner'sOffice.aspx

According to the complaint and documents attached thereto, Plaintiff began working for KCI at Green River Correctional Complex sometime in October 2005. Plaintiff states that he was injured on January 7, 2013, while working at his job with KCI at Green River Correctional Complex's Furniture Plant. According to Plaintiff, a table saw malfunctioned, and the "saw cut through [his] left hand from [his] ring finger to [his] wrist nearly (4 inches) through [his] hand." He states that the saw caused "significant injury" to his hand. Plaintiff states that he was not aware the saw "was malfunctioning and improperly maintained," and he states that the saw was removed after the incident. He further states that he was not trained in Spanish on the use of the saw.

After being injured, Plaintiff was transported to the hospital where he underwent surgery on his injured hand. Plaintiff states that he was unable to work at his job at KCI for over eight months. According to Corrections Industries Policy CI 05-01-014 (II)(A)(13),

> Inmates shall be paid for time lost due to unavoidable injuries suffered while performing their assigned duties in Correctional Industries. Injuries shall be verified by a physician. Payments to injured inmates shall not exceed thirty (30) days unless approved in writing by the Division Director. The maximum allowable compensation shall not exceed six (6) months.

*See* DN 1-11, p. 14. Plaintiff was paid for 30 days of the time he was unable to work. He filed a grievance seeking to be paid for the six months. The grievance was denied at each stage of the grievance process. Following the Commissioner's decision on December 12, 2013, Plaintiff filed a civil action in Franklin Circuit Court captioned "Petition for Declaration of Rights Pursuant to KRS Chapter 418.040." Therein he alleged that the respondents had denied "his due wages." In that action respondent's motion to dismiss was granted because the policy only requires payment for 30 days lost time and Plaintiff had received payment for 30 days lost time. Any additional payment is discretionary. Plaintiff appealed that decision to the Kentucky Court

of Appeals. On July 8, 2016, the Kentucky Court of Appeals affirmed the order of the Franklin Circuit Court.

The present action was filed with this Court on August 12, 2016. In his complaint before this Court, Plaintiff alleges that KCI officials "exposed [him] to serious harm and their lack of proper training and safety resulted in the physcial injury and [his] ability to make a living in the future, and deliberate indifference to [his] safety." As relief, Plaintiff seeks monetary damages, attorney's fees and costs, and that more training and safety measures be required.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

3

(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

#### A. Statute of Limitations

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183 (quoting *McCune v. City of Grand Rapids*, 842 F. 2d 903, 905 (6th Cir. 1988). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x

4

221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff's injury occurred on January 7, 2013. Thus, the statute of limitations began to run on that date. Under the mailbox rule, a prisoner's action is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also Bowlds v. Dortch*, No. 4:10-CV-P61-M, 2010 WL 2203258 (W.D. Ky. May 26, 2010) (applying the mailbox rule to a civil rights action brought pursuant to 42 U.S.C. § 1983). In the present action, Plaintiff fails to state the date on which he presented his action to prison officials for mailing, but he signed the complaint on August 9, 2016. Thus, this action was filed well outside the one-year statute of limitations.

However, it appears that Plaintiff may be asserting that his action was timely filed because the statute of limitations must be tolled during the time he exhausted his state remedies, which Plaintiff appears to interpret to include the time his Franklin Circuit Court and Kentucky Court of Appeals actions were pending. Plaintiff, as a prisoner suing governmental entities and officials, is proceeding under the Prison Litigation Reform Act (PLRA). The PLRA requires that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A § 1997e(a). The statute of limitations is tolled for the period of time required to exhaust such administrative remedies as are available. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). However, the PLRA only requires exhaustion of administrative remedies provided by the prison administration. *Clay v. Parker*, No. 11-1075-JDT-egb, 2013 WL 4056338, at *2-3 (W.D. Tenn. Aug. 12, 2013) ("Congress intended for 'administrative remedies as are available' to indicate

5

administrative remedies that are within the prison to alleviate the federal court system."). Thus, pursuing remedies "taken outside of the prison grievance process . . . is not considered an 'administrative remedy.'" *Id.* at *3; *see also Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004) (court rejected prisoner's argument that his cause of action did not accrue until he was informed by the Tennessee Claims Commission that his rights were violated or that the statute of limitations should be equitably tolled because he believed he had to exhaust state remedies).

Thus, the state court action filed by Plaintiff did not toll the statute of limitations. In the present action, according to the documents provided by Plaintiff, he filed a grievance seeking pay for the entire period of time he was out of work due to his injured hand. The Commissioner of the Kentucky Department of Corrections, the final step in the Kentucky Department of Corrections grievance procedure, rendered her decision on Plaintiff's grievance on December 23, 2013. *See* DN 1-11, p. 24. Thus, presuming, without deciding, that the grievance filed by Plaintiff was sufficient to exhaust his administrative remedies as to the claims he raises in this action, he would have had until December 23, 2014, to file the present action. Since the present action was not filed until on or about August 9, 2016, this action is barred by the statute of limitations and will be dismissed as being frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F. 3d 508, 511 (6th Cir. 2001) (indicating that claims barred by the statute of limitations are frivolous).

## B. Eighth Amendment

In the present case, Plaintiff asserts that the KCI "officials exposed [him] to serious harm and their lack of proper training and safety resulted in the physcial injury and [his] ability to make a living in the future." "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553,

1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982) ("What is required [for a § 1983 action] is a causal connection between the misconduct complained of and the official sued."). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (affirming the dismissal of the action for failure to state a claim in part because "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"); *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

In the present case, Plaintiff makes only conclusory allegations. He fails to state any specifics as to any of the named Defendants. He does not state how any of the named Defendants was personally involved in the alleged failure to train or the alleged deliberate indifference to his safety about which he complains. He fails to connect any wrongdoing to any of the Defendants.

Further, Plaintiff fails to state any constitutional violation. An Eighth Amendment claim has both an objective and subjective component. First, "to establish a constitutional violation based on failure to protect, a prison inmate . . . must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)

(quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "The inmate must show that 'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. at 833).

Second, "a plaintiff also must show that prison officials acted with [subjective] 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. at 834). A plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. at 835 (citation omitted). An official is deliberately indifferent where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of [tort] claims; thus, a plaintiff alleging deliberate indifference must show more than negligence . . . ." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. at 835). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Farmer v. Brennan* 511 U.S. at 838.

Nothing in the complaint alleges that Defendants knew of or disregarded an excessive risk to Plaintiff's health or safety. Thus, Plaintiff has failed to state any deliberate indifference on their part, and he fails to state an Eighth Amendment claim. Plaintiff having failed to allege any conduct on the part of Defendants that violates his constitutional rights, this action will be dismissed.

## IV. **CONCLUSION**

For the reasons stated above, a separate Order will be entered dismissing this action.

Date: December 28, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4415.003